IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  Case No. TDC-23-381 |
| | * |
| SAMUEL SWEELEY, | * |
| | * |
| Defendant. | * |
| | * |
| | ******* |

## THIRD CONSENT MOTION TO EXCLUDE
## TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through undersigned counsel, with consent of counsel for the Defendant, Samuel Sweeley, hereby respectfully moves to exclude time from the speedy trial calculations in this case pursuant to 18 U.S.C. § 3161(h). Specifically, the government respectfully requests an order excluding the time period between **January 17, 2024, and February 20, 2024**, in calculating the time within which trial would commence. In support thereof, the government submits the following:

### BACKGROUND

1. On October 26, 2023, a federal grand jury for the District of Maryland returned a four-count indictment charging the defendant with one count of involuntary manslaughter, in violation of 18 U.S.C. § 1112(b) (Count One); driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23 (Count Two); reckless driving, in violation of 36 C.F.R. § 4.2, incorporating Maryland Transportation Article § 21-901.1(a) (Count Three); and speeding, in violation of 36 C.F.R. § 4.21(c) (Count Four). ECF No. 1.

2. The defendant had his initial appearance on November 1, 2023, and was released pending trial. ECF No. 5.

3.	The government filed its initial Consent Motion to Exclude Time Pursuant to the Speedy Trial Act on November 13, 2023.  ECF No. 16.

4.	On December 6, 2023, this Court granted the government's motion excluding the time period between November 1, 2023, and December 22, 2023.  ECF No. 20.

5.	On December 15, 2023, the government filed a Second Motion to Exclude Time Pursuant to the Speedy Trial Act.  ECF No. 22.

6.	This Court granted the government's motion excluding the time period between December 22, and January 17, 2024.  ECF No. 23.

7.	In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

8.	18 U.S.C. § 3161(h)(7)(A) also excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Among the factors the Court considers in granting such a motion are whether failure to grant a continuance would result in a "miscarriage of justice," the case's complexity, and whether failure to grant a continuance would deny counsel for a defendant or the government "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(i), (iv).

9.	In this case, as a result of the sensitivity of the manslaughter charge and the substantial volume of discovery, both counsel for the defendant and the government need additional time to review discovery, discuss a potential resolution of the case, and prepare for trial,

should a trial be necessary. Accordingly, the parties agree that holding a trial within 70 days would deny counsel for the defendant and the government the reasonable time necessary for effective preparation, and that the ends of justice served by granting a continuance will outweigh the best interests of the public and the defendant in a speedy trial.

10. The government has made two discovery productions and will continue to make discovery productions on a rolling basis.

11. The parties agree that delaying the trial of the case (which the government would be required to do by the Speedy Trial Act) will allow the parties to explore potential pretrial resolution, which would preserve judicial resources and also would be of benefit to both parties.

12. Accordingly, the ends of justice will be served by excluding the time period between **January 17, 2024, and February 20, 2024**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the defendant in a speedy trial.

13. Government counsel conferred with counsel for the defendant, and they indicated their consent to the filing of this speedy trial motion.

**WHEREFORE**, the government, with consent of the defendant Samuel Sweeley, by counsel, respectfully requests that the Court exclude the time period between **January 17, 2024, and February 20, 2024**, under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:  _____/s/_____
Shabnam Aryana
Assistant United States Attorney

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | *   Case No. TDC-23-381 |
| | * |
| **SAMUEL SWEELEY,** | * |
| | * |
| **Defendant.** | * |
| | * |
| | ****** |

## ORDER

Having found that: the parties are engaged in discovery and that the parties are exploring potential pretrial resolution, which would preserve judicial resources and also would be of benefit to both parties.

And that good and sufficient cause having been shown—and taking into account the public interest in the prompt disposition of criminal cases—it is hereby

**ORDERED**, for the reasons set forth in the Motion, which is incorporated herein, that the Motion is **GRANTED**; and it is further

**ORDERED**, the time period of January 17, 2024, to February 20, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161 (h)(7).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED.**

Signed this _____ day of January, 2024.

                                                 _____
THE HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE