FILED ___ ENTERED
___ LOGGED ___ RECEIVED
FEB 2 9 2024
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## ATTACHMENT A
## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On September 4, 2022, at approximately 2:38 a.m., the Defendant, **SAMUEL SWEELEY** ("**SWEELEY**") was driving his Lexus SUV northbound on the Baltimore-Washington Parkway ("BW Parkway") approaching the exit ramp to the inner loop of I-495/I-95, in Maryland. The BW Parkway adds a third lane of northbound travel prior to the I-495/I-95 exchange, with two lanes of travel northbound and one exit lane for the exit ramp to I-495/I-95. **SWEELEY** moved to the exit lane but failed to exit and continued to travel northbound on the BW Parkway, entering the shoulder area. Approximately 10-15 feet beyond the exit ramp, **SWEELEY** drove his vehicle into the rear of an occupied Hyundai Elantra sedan, which had been parked on the shoulder with its hazard lights on. Witnesses promptly called for emergency assistance.

Prince George's County Fire and Emergency Medical Services responded to the call, with United States Park Police ("USPP") arriving shortly thereafter at approximately 2:58 a.m. Prince George's County Fire and Emergency Medical Services advised the USPP that the male driver, Victim 1, of the Hyundai was deceased and that the female passenger, Victim 2, was transported to the hospital. **SWEELEY**, the only occupant of the Lexus, was still on the scene.

**SWEELEY** did not appear injured and consented to a blood draw. A USPP officer transported **SWEELEY** to the hospital for a blood draw, but **SWEELEY** subsequently declined to allow one to occur. While at the hospital, law enforcement also noticed while speaking with **SWEELEY** that the odor of an alcoholic beverage was emanating from his person and breath. Law enforcement also observed that **SWEELEY** had red, watery, bloodshot eyes and was slurring his speech.

A USPP officer then administered field sobriety tests, including: 1) horizontal gaze nystagmus; 2) walk and turn; and 3) one leg stand. As a result of these tests, law enforcement determined that **SWEELEY** was under the influence of alcohol.

At 5:26 a.m., law enforcement obtained a warrant for a blood draw. The warrant was approved at 5:33 a.m. **SWEELEY** was advised of the existence of the warrant and refused to comply with having his blood drawn. The first request for his blood was made at 5:36 a.m. Subsequent requests were made at 5:51 a.m. and 6:23 a.m. At 6:48 a.m., **SWEELEY**'s blood was drawn and was found positive for the presence of alcohol at a level of .15 grams of alcohol per 100 milliliters of blood. **SWEELEY** had not consumed any alcohol since the collision at approximately 2:38 a.m.

USPP investigated the circumstances of the collision and determined that the primary causes of the fatal crash were that **SWEELEY** improperly utilized a parallel deceleration lane,

was traveling 80 mph in a posted 55 mph zone, and was driving under the influence of alcohol at the time of the crash.

An autopsy conducted by the Maryland Office of the Chief Medical Examiner determined that Victim 1's cause of death was a result of multiple injuries suffered in the crash with **SWEELEY**'s vehicle.

The BW Parkway is on lands within the special maritime and territorial jurisdiction of the United States in the District of Maryland.

SO STIPULATED:

*Shabnam Aryana*
Shabnam Aryana
Joel Crespo
Assistant United States Attorneys

_____
Samuel Sweeley
Defendant

_____
Charles L. Waechter, Esq.
Counsel for Defendant

Rev. August 2018

10