IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| vs. | * |
| | *   Case No.: TDC-23-0381 |
| SAMUEL SWEELEY | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES, SAMUEL SWEELEY, by and through his attorney, CHARLES L. WAECHTER, ESQUIRE, and pursuant to this Court's Regular Sentencing Order dated February 29, 2024, hereby submits this memorandum in anticipation of sentencing in the above-captioned case. The Court has scheduled sentencing for Tuesday, July 23, 2024 at 9:30 a.m. The Defendant respectfully requests that the Court sentence the Defendant to a downward variance of the sentencing guideline range of 30-37 months which is to be followed by a term of supervised release of three years. The Court shall impose the mandatory $100 special assessment fee. The Defendant believes that this sentence is sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553.

1. **Summary of Facts**

On September 4, 2022, at approximately 2:38 a.m., the Defendant was driving his Lexus SUV northbound on the Baltimore-Washington Parkway ("BW Parkway") approaching the exit ramp to the inner loop of I-495/I-95, in Maryland. The BW Parkway adds a third lane of northbound travel prior to the I-495/I-95 exchange, with two lanes of travel northbound and one exit lane for the exit ramp to I-495/I-95. The Defendant moved to the exit lane but failed to exit and continued to travel northbound on the BW Parkway, entering the shoulder area. Approximately ten to fifteen feet beyond the exit ramp, the Defendant drove his vehicle into the rear of an occupied Hyundai Elantra sedan,

which had been parked on the shoulder with its hazards on. Witnesses promptly called for emergency assistance.

Prince George's County Fire and Emergency Medical Services responded to the call, with United States Park Police ("USPP") arriving shortly thereafter at approximately 2:58 a.m. Prince George's County Fire and Emergency Medical Services advised USPP that the male driver, Victim 1, of the Hyundai was deceased and that the female passenger, Victim 2, was transported to the hospital. The Defendant, the only occupant of the Lexus, was still on the scene.

The Defendant did not appear injured and consented to a blood draw. A USPP officer transported the Defendant to the hospital for a blood draw, but the Defendant subsequently declined to allow one to occur. While at the hospital and speaking with the Defendant, law enforcement noticed that there was an odor of an alcohol emanating from his person and breath. Law enforcement also observed that the Defendant had red, watery, bloodshot eyes and was slurring his speech.

A USPP officer then administered field sobriety tests, including: 1) horizontal gaze nystagmus; 2) walk and turn; and 3) one leg stand. As a result of the tests, law enforcement determined that the Defendant was under the influence of alcohol.

At 5:26 a.m., law enforcement obtained a warrant for a blood draw. The Defendant's blood was ultimately drawn and was found positive for the presence of alcohol at a level of .15 grams of alcohol per 100 milliliters of blood.

USPP investigated the circumstances of the collision and determined that the primary causes of the fatal crash were that the Defendant improperly utilized a parallel deceleration lane, was traveling 80 miles per hour in a zone with a posted speed limit of 55 miles per hour, and was under the influence of alcohol at the time of the crash.

An autopsy conducted by the Maryland Office of the Chief Medical Examiner determined that Victim 1's cause of death was a result of multiple injuries suffered on the crash caused by the Defendant.

2. **Procedural Background**

On October 27, 2023, the Defendant was charged by indictment with involuntary manslaughter, in violation of 18 U.S.C. § 1112(b) (Count One); driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23 (Count Two); reckless driving, in violation of 36 C.F.R. § 4.2, incorporating Maryland Transportation Article ("MTA") § 21-901.1(a) (Count Three); and speeding, in violation of 36 C.F.R. § 4.21(c). The Defendant had an initial appearance and arraignment on November 1, 2023. ECF No. 5. A rearraignment was held on February 29, 2023, and the Defendant pled guilty to Count One and Count Two of the Indictment. ECF Nos. 30, 31.

3. **Advisory Sentencing Guidelines**

**Count One: Involuntary Manslaughter**

The Defendant agrees with the Presentence Report that the Defendant's adjusted total offense level is 19 and his criminal history category is I, resulting in an advisory guidelines range of 30 to 37 Months.

*Total Offense Level*: The base offense level for a violation of 18 U.S.C. § 1112(b) involving the reckless operation of a means of transportation is 22 pursuant to U.S.S.G. § 2A1.4(a)(2)(B).

The Government and Defendant agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility.

The Government will also move for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b) because the Defendant made a timely notification of his intention to enter a plea of guilty.

Thus, the Defendant's total adjusted offense level is 19.

*Criminal History Category*: The Defendant agrees with the Presentence Report that the Defendant's criminal history category is I.

*Guidelines Range*: The Defendant agrees with the Presentence Report that with an adjusted offense level of 19 and a criminal history category of I, the advisory Guidelines range is 30-37 months of imprisonment.

**Count Two: Driving Under the Influence of Alcohol**

Driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23 is a Class B misdemeanor – therefore the sentencing guidelines do not apply. The Defendant agrees with the Presentence Report that the maximum term of imprisonment available for Count Two is six months of imprisonment.

4. **Statutory Sentencing Factors**

A district court must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citing *Rita v. U.S.*, 551 U.S. 338 (2007)). After calculating the range, it must consider the § 3553(a) factors before imposing the sentence. *Id.* at 49-50.

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and history and characteristics of the defendant and (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661. "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports the degree of the variance." *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). The district court is given "some latitude," and "a degree of deference," to tailor a particular sentence to the circumstances. *United States v. Green*, 436 F.3d 449, 456-57 (4th Cir. 2006); *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006).

\*\*\*

The Defendant submits that a sentence of below the guideline range of 30-37 months is

sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553. The Court should impose this sentence because of the nature and circumstances of the offense and the history and characteristics of the Defendant.

### A.   Nature and Circumstances of the Offense

The Defendant admits that he committed a serious criminal offense. The Defendant admits he drank more than the legal limit.

### B.   History and Characteristics of Defendant

Pursuant to the Pre-Sentence Report, the Defendant is thirty three (33) years old and has been a resident of the state of Maryland his entire life. The Defendant was born on January 7, 1991, in Baltimore, Maryland. Immediately after birth, he was placed in foster care with is adoptive parents, John Sweeley and Barbara Sweeley (who passed away in April 2023). Since the time of his mother's passing away, he has been the primary provider for his elderly father and one of his adoptive brother who is disabled due to Asperger's Sydrome. The Defendant does not minimize the fact that he has a previously convicted Driving Under the Influence of Alcohol charge in or around 2014, where he was found Guilty and sentenced to a brief period of incarceration and one (1) year supervised probation. As a result of the Defendant's alcohol issues, the Defendant began substance abuse counseling with Anne Arundel Counseling Center in November of 2023 and completed the recommended twenty six (26) week intensive program on July 3, 2024 as reflected in the discharge summary dated April 19, 2024, (copy of which has been electronically filed). The Defendant was in full compliance with all of the program requirements and tested negative for any illegal substances throughout the course of his treatment. The Defendant was educated here locally and attended the Doris M. Johnson High-school in Baltimore, Maryland, and obtained his diploma in June of 2008. In January of 2018, the Defendant earned an Associate of Arts Degree from the University of Phoenix, a Bachelor's Degree in Business in November of 2019, and a Master of Business Administration Degree in November of 2020. Additionally, since March of 2021, the Defendant has been enrolled in

the Doctoral Of Management Program with the University of Phoenix, and he anticipates to graduate in or around 2026. Since October of 2023, the Defendant has been employed as a High-school teacher for the Career Technology Business Program within the Baltimore City Public School system. From 2008 through 2023, the Defendant was employed with Giant Foods in Landover, Maryland as a District Specialist.

### C. Deterrence

A sentence taking into consideration serious nature of the Defendant's conduct coupled with the Defendant's history and characteristics would provide adequate deterrence for this Defendant.

As to general deterrence, the requested sentence disposition would signal to the general public that involuntary manslaughter is a serious crime and will result in a period of incarceration.

### D. Supervised Release

The statutory maximum term of supervised release is three years. *See* 18 U.S.C. § 3583(b)(2). The Guidelines range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2). The Defendant agrees with the Government's recommendation and respectfully requests a term of supervised release of three years with conditions including abstinence from alcohol, alcohol treatment and testing, attendance of a Mothers Against Drunk Driving victim impact panel meeting, ignition interlock on any vehicle driven during the first twelve months of supervision, and an alcohol restriction on the Defendant's license.

## CONCLUSION

For the foregoing reasons, and any additional information that may be presented at the sentencing hearing, the Government respectfully requests that the Court impose a term of imprisonment of below the sentencing guideline range of 30-37 months.

Respectfully submitted,

CHARLES L. WAECHTER, ESQUIRE
1435 Sulphur Spring Road, 1st Floor
Baltimore, Maryland 21227
(410) 242-4745 (Office)
(410) 242-4764 (Facsimile)
waechterlaw@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___10th___ day of July, 2024 the aforegoing was electronically filed, and mailed postage-prepaid to:

Erek L. Barron
Assistant U.S. Attorney
Office of the U.S. Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

Shabnam Aryana
Joel Crespo
Assistant United States Attorney's
Office of the U.S. Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

CHARLES L. WAECHTER, ESQUIRE