

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

_____

*Shabnam Aryana*          *Mailing Address:*                    *Office Location:*            DIRECT: 301-344-0865
*Assistant United States Attorney*   *6500 Cherrywood Lane, Suite 200*   *6406 Ivy Lane, 8th Floor*    MAIN: 301-344-4433
*Shabnam.Aryana @usdoj.gov*   *Greenbelt, MD 20770-1249*      *Greenbelt, MD 20770-1249*   FAX: 301-344-4516

July 23, 2024

The Honorable Theodore D. Chuang
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland  20770

     Re:    *United States v. Samuel Sweeley*
            Criminal No. TDC-23-0381

Dear Judge Chuang:

     The government respectfully writes to provide the following memorandum on the issue of whether the Court must order restitution under 18 U.S.C. § 3663A at sentencing in this case.  It is the government's position that involuntary manslaughter, in violation of 18 U.S.C. § 1112, does not fall within the scope of the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which requires restitution for victims of crimes that fall within its purview.[1]

     The MVRA applies "in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense—"

(A) that is—

     (i) a crime of violence, as defined in section 16;
     (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit;
     (iii) an offense described in section 3 of the Rodchenkov Anti-Doping Act of 2019;
     (iv) an offense described in section 1365 (relating to tampering with consumer products); or
     (v) an offense under section 670 (relating to theft of medical products); and

_____

[1]     Undersigned counsel should have noted a correction to ¶ 68 of the Presentence Report, which found restitution to be mandatory, and apologizes for the oversight.

(B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A(c)(1).

Examining the circumstances that trigger mandatory restitution under the MVRA, it is clear that involuntary manslaughter is not "an offense against property;" "an offense described in section 3 of the of the Rodchenkov Anti-Doping Act of 2019;" "an offense described in section 1365 (relating to tampering with consumer products);" or "an offense under section 670 (relating to theft of medical products)." *Id.*

It might seem that involuntary manslaughter is a "crime of violence" for purposes of subsection (A)(i) of the MVRA because it involves the death of a victim. However, courts have found that involuntary manslaughter is not a "crime of violence." Ruling on this exact issue, the Tenth Circuit wrote:

> In light of *Borden*[2] and its impact on the MVRA, it is beyond dispute that the district court erred in ordering Benally to pay restitution under the MVRA. Benally's offense of conviction—involuntary manslaughter in Indian Country [in violation of 18 U.S.C. § 1112]—is not a "crime of violence" and does not otherwise fall within the scope of the MVRA.

*United States v. Benally*, 19 F.4th 1250, 1258 (10th Cir. 2021).

Further, the Fourth Circuit has held that involuntary manslaughter is not a violent offense for purposes of sentencing enhancements. *See United States v. Middleton*, 883 F.3d 485, 487 (4th Cir. 2018) (South Carolina involuntary manslaughter does not qualify as an ACCA "violent felony"); *Sotnikau v. Lynch*, 846 F.3d 731 (4th Cir. 2017) (Virginia involuntary manslaughter is not a "crime of moral turpitude" because it can be committed with recklessness); *United States v. Peterson*, 629 F.3d 432, 439 (4th Cir. 2011) (North Carolina involuntary manslaughter is not a "crime of violence"). *See also United States v. Pardee*, 368 F.2d 368 (4th Cir. 1966) (construing 18 U.S.C. § 1112 and holding it can be accomplished with a *mens rea* of gross negligence).

Accordingly, it is the government's position that restitution is not mandatory in this case and, while the court has discretion to order restitution under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, the court also has discretion to sentence the defendant without ordering restitution. Here, the victims in this case have not requested restitution because they have retained civil counsel and intent to initiate a civil action against the defendant.

As a general matter, even where restitution is mandatory under the MVRA, the Court may still sentence a defendant without ordering restitution if a victim has not requested it. *See* 18 U.S.C. §

---

[2]      In *Borden v. United States*, the Supreme Court held that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" for purposes of the Armed Career Criminals Act (ACCA). *Borden v. United States*, 593 U.S. 420 (2021). In *Borden*, the court noted that the ACCA "violent felony" definition and the "crime of violence" definition at 18 U.S.C. § 16 are "relevantly identical." *Id*. at 427.

3664(g)(1) ("No victim shall be required to participate in any phase of a restitution order."). Indeed, courts' denials of government requests for mandatory restitution indicate that courts have discretion to omit mandatory restitution:

- *United States v. McCauley*, No. 1:18-CR-330, 2020 WL 215494, at *7 (E.D. Va. Jan. 13, 2020) (denying government's motion for mandatory restitution under 18 U.S.C. § 2259 because the evidence presented was insufficient to establish proximate cause).

- *United States v. Chow*, 760 F. Supp. 2d 335, 344 (S.D.N.Y. 2010) (denying government's request for mandatory restitution under 18 U.S.C. § 2259, finding that "the court must make specific findings of fact supporting its calculation of the full amount of the damages to a victim which were proximately caused by the defendant's offense").

In conclusion, the government respectfully requests that this Honorable Court find that restitution need not be ordered in this case.

Very truly yours,

Erek L. Barron
United States Attorney

By: _____/s/_____
Shabnam Aryana
Joel Crespo
Assistant United States Attorneys

3