# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
# OFFICE OF THE CLERK

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

Nwamaka Anowi
Clerk

Telephone
804-916-2700

August 28, 2024

_____

CJA COUNSEL NOTICE

_____

No. 24-4409,   US v. Samuel Sweeley
8:23-cr-00381-TDC-1

TO: Alfred Guillaume III
LAW OFFICES OF ALFRED GUILLAUME III
6305 Ivy Lane
Suite 700
Greenbelt, MD 20770
202-321-0549
ag3law@gmail.com

Thank you for accepting appointment on appeal in this case. This office will work with you in any way necessary in connection with the appointment. The case manager for this case is Paige Ballard, and the following information is provided for your use (click on an underlined document to access the document on the court's web site, www.ca4.uscourts.gov).

**Initial Forms:** Following forms must be filed within 14 days.
- **Appearance of Counsel** (must be registered for electronic case filing)
- **Docketing Statement** (required for appointments at the beginning of the appeal)
- **Transcript Order Form** (order any necessary transcript)

**Appointment and Case Information:** Time and expense records must be maintained in accordance with the **CJA Payment Memorandum** to permit

payment at the end of the case.

All case filings must be made using the court's Electronic Case Filing system (CM/ECF). Counsel not yet registered for electronic filing should proceed to the court's web site to register as an ECF filer. See **Required Steps for Registration as an ECF Filer**.

**Copies of any documents filed on appeal to date are accessible on the court's docket. Documents filed by a party while proceeding pro se will not be considered by the court unless renewed by counsel.**

**Record:** Counsel should use a fee exempt account for all PACER access in CJA cases. If you do not have a fee exempt account, email pacer@psc.uscourts.gov and list the courts in which you serve as CJA counsel. PACER will respond to you with an email updating your PACER credentials to include access as CJA counsel and instructing you on how to use the updated credentials. The district court's PACER docket and electronic documents are accessible through a link to the district court docket from the appellate docket. The "Create Appendix" option enables counsel to combine multiple documents into one PDF record for printing or saving.

**Presentence Report, Statement of Reasons, Transcripts:** Since the presentence report and statement of reasons are sealed documents and the transcript is restricted from public access during the redaction period, counsel may need to make special arrangements to obtain these documents. If record items are not available from former counsel or the district court, new counsel should contact Marcy Beall, the Fourth Circuit Appointments Deputy, at 804-916-2739, for assistance in obtaining these items. For assistance in ordering preparation of transcript through the district court's eVoucher system, new counsel should contact **District eVoucher Contacts for CJA Authorization and Payment**

**Interpreter and Translator Services:** If interpreter or translator services are needed on appeal, counsel may obtain contact information from the district court or through the online databases maintained by the **National Association of Judiciary Interpreters and Translators** and the **American Translators Association**. Current federal court interpreter rates and classifications are available at this link: **Federal Court Interpreters | United States Courts (uscourts.gov)**. Counsel may use Language Skilled, Professionally Qualified,

or Federally Certified Court Interpreters for services provided on appeal. Translator services are reimbursed at a maximum rate of $180 per 1,000 words. If the total cost of interpreter and translator services on appeal will exceed $900, counsel must submit a **CJA Authorization Request-Interpreter and Translator Services form**.

**CONTACT INFORMATION:**

| | |
|---|---|
| Former counsel: | Charles Lawrence Waechter |
| | Direct: 410-242-4745 |
| | 5300 East Drive |
| | Baltimore, MD 21227-0000 |
| Defendant: | Samuel Sweeley |
| | #57839-037 |
| | Non-public home address |
| | Baltimore, MD |

Marcy E. Beall, Deputy Clerk
804-916-2739

cc: Defendant
 CJA Contacts MDD
 Catherine M. Stavlas

# SEALED & CONFIDENTIAL MATERIALS

**Internet Availability of Docket & Documents**

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration, social security, and railroad retirement board cases are not accessible over the Internet to the public. Public Internet access is limited to the court's docket, orders, and opinions in these cases. Parties wishing to prevent their full names from appearing in court documents, including opinions available on the Internet, may file a motion to redact their name to use only their first name and last initial rather than their full name.

**Federal Rules of Procedure**

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. <u>See</u> Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

**Judicial Conference Privacy Policy**

In addition, the judiciary's regulation on [Privacy Policy for Electronic Case Files](#) prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial

affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements. Any reference to substantial assistance or cooperation with the government in criminal proceedings should be sealed in the parties' briefs.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties outside ECF.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED JOINT APPENDIX (court access)** and **SEALED SUPPLEMENTAL APPENDIX (court access)** to file sealed electronic appendix volume(s). Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**JOINT APPENDIX** and **SUPPLEMENTAL APPENDIX** to file public electronic appendix volumes(s).

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF (court access)(formal briefs under seal)** to file sealed electronic version of brief in which sealed material has been highlighted. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF (formal briefs not under seal)** to file public electronic version of brief from which sealed material has been redacted.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted.

**Motions to Seal**

A certificate of confidentiality may be used to request sealing of information protected by the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order. To request sealing of other materials, or to request sealing of an entire brief or motion due to inability to create a public, redacted version, counsel must file a motion to seal.

The motion to seal must appear on the public docket for five days. The motion must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required. If

it is necessary to reference sealed material in the motion, a **sealed, highlighted version** and a **public, redacted version** of the motion must be filed.

**Highly Sensitive Documents**

The court has adopted Standing Order 21-01 implementing procedures adopted by the Federal Judiciary for the filing of highly sensitive sealed documents in paper form, accompanied by a certificate (for material sealed by the district court or other tribunal) or motion (for requests to file material under seal in the first instance).

**Forms:** Certificate of Confidentiality & Certificate for Highly Sensitive Document Protection

**Instructions:** How do I redact items from pleadings? (Marking out text in a word processing document using a highlighter or box tool does not remove sensitive data from the document.)